## GILL v REESE et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14920.  Decided March 19, 1936

Woodle & Wachtel, Cleveland, for plaintiff in error.

Moss & Marks, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

## OPINION

By McCURDY, J.

Doctor A. H. Gill, plaintiff in error in this court, recovered a judgment against Jacob Reese in the Municipal Court of the City of Cleveland, Ohio, October 4, 1930, in which action Gill was plaintiff and Reese defendant. In January, 1935, Gill instituted proceedings in aid of execution in the Municipal Court of the City of Cleveland seeking to recover from Reese the full amount of the judgment and interest thereon, together with court costs, at which time the Home Owners Loan Corporation, defendant in error in this court, was named as garnishee. This defendant corporation was duly served with garnishment process, whereupon the corporation filed in the Municipal Court a motion to quash the service of garnishment process. Upon hearing the motion the Municipal Court ordered the service of process quashed and dismissed the proceeding in aid of execution. Proceedings in error were instituted in this court seeking to reverse the order and judgment of the Municipal Court.

This case by the nature of the proceedings originally instituted in the court below, presents one issue, to-wit: Is the Home Owners Loan Corporation subject to the service of garnishment process within the State of Ohio? It first becomes necessary to determine the status of this corporation. The Congress of the United States passed an act June 13, 1933, effective June 13, 1933, providing for the creation of a corporation to be known as the Home Owners Loan Corporation. The principal purpose of this act as recited by the legislative body was to provide emergency relief with respect to home mortgage indebtedness, to refinance home mortgages, to extend relief to owners of homes occupied by them who were unable to amortize their debt elsewhere. Section 4 of the Act clothed the Federal Home Loan Board with the following authority:

"The board is hereby authorized and directed to create a corporation, to be known as the Home Owners Loan Corporation, which shall be an instrumentality of the United States, which shall have authority

to sue and be sued in any court of competent jurisdiction, federal or state."

Pursuant to this authority the Home Owners Loan Corporation was created and §7 of its articles provides:

"Said corporation shall have power to sue and shall be subject to suit as other corporations and shall have the usual powers and immunities of corporations of the United States."

Nothing further appears in either the act of Congress or the charter of the corporation in reference to this proposition. It was the apparent intent of Congress, unequivocally expressed in the act itself, to strip this corporation of the rights and immunities of a sovereign power in relation to the institution of suit by it or against it.

The business in which the defendant corporation was to be engaged, to-wit, that of loaning money and refinancing mortgages on real estate security, was such as had theretofore been conducted by private persons and corporations. While it is true that the act provided that the United States Government own all of the capital stock, and the fact is that all of the capital stock is owned by the United States Government, yet it has long been settled that those circumstances in no way change the character of the corporation and it still remains in the eyes of the law a private corporation. Bank of U. S. v Bank of Georgia, 9 Wheat, 904, 807, 6 L. Ed. 244; Turnpike Road Co. v Wallace, 8 Watts 316, 138; Seymour v Turnpike Co., 10 Ohio 476; Haines et v Ship Building Co., 110 Atl. 788.

Great confusion has arisen in the submission of this case to this court on the proposition of whether or not the corporation itself is a public one. There can be no question but that the corporation is an instrumentality of the government engaged in a great undertaking affecting the public. The distinction failed to be recognized is that while the undertaking itself has the characteristics of a public enterprise yet the acts have been authorized by Congress itself to be performed by and through the arm of a private corporation rather than by means of the exercise of power by a government officer or the legislative body itself. The authorities are uniform in establishing the law that such a corporation is a private corporation.

In the submission of this case many authorities have been offered relative to court decisions growing out of litigation to which the United States Shipping Board Emergency Fleet Corporation was a party, and it has been argued that these decisions should be controlling for the reason that the Home Owners Loan Corporation is analagous in respect to its creation with that of the United States Shipping Board Emergency Fleet Corporation. It is interesting to note that both parties have attempted to rely on the case of National Finance Corporation v Landis, 261 Fed. 440. A careful examination of this case shows clearly that the decision was to the effect that a motion to quash in relation to garnishment proceedings would not lie for the reason that the corporation must be regarded as a private corporation, and accordingly was subject to the service of process, even though upon answer to such service, it should develop under the particular facts in the case the corporation might partake of the character of a sovereign and be exempt from garnishment under the principle that a municipality can not be subjected to liability growing out of any relation of stakeholder between private litigants. In the event the law of the case cited is to be accepted it certainly is determinative of the issue here raised in the affirmative, that is, that the defendant corporation is subject to the service of process.

An examination of the further line of authorities cited in the attempted analogy brings us to a consideration of the case of Haines et v Lone Star Ship Building Co., 110 Atl., 788, which stands clearly for the proposition that the Emergency Fleet Corporation is subject to garnishment in a state court, there being no provision to the contrary, though it be an agency of and all its stock owned by the United States and though it possess the right of eminent domain.

The broad principle of law applicable to this case is set forth in the case of Coupler Co. v U. S. Shipping Board, etc., 261 Fed. 716.

"It is in general highly desirable that in entering upon industrial and commercial ventures the government agencies used should, whenever it can fairly be drawn from the statutes, be subject to the same liabilities and to the same tribunals as other persons or corporations similarly employed."

This proposition of law has been generally accepted and followed in the recent decisions of the Supreme Court of the United States.

The Supreme Court of Ohio has recently set forth this same view in the following language:

"A review of recent legislation throughout the country seems to indicate that governmental bodies desire to enter private business. If they are to establish private business then the department established to operate these businesses should answer the same as private citizens."

Peter's Ice & Coal Co. v Kopp, dec. Aug. 9, 1935.

Garnishment proceedings in the state of Ohio are statutory. Since the Home Owners Loan Corporation must be regarded as a private corporation it consequently falls within the term of "person" as provided in §§11828 et seq GC, and there can be no question but that the statute is applicable in the instant case and that the defendant corporation is subject to the service of process thereunder.

It now only remains to determine whether or not public policy requires that even though the defendant corporation has all the attributes of a private corporation yet in regard to garnishment process it must be regarded as public in its nature. The only theory on which the rule of public policy has been applied is set forth in the numerous cases dealing with municipal corporations wherein the reasoning is placed upon the ground that garnishment process would interfere with the acts of government. Having examined the act creating the Home Owners Loan Corporation and the purposes for which it was enacted we can not find that in any respect does it have the powers of the executive, judicia lor legislative branches of government. The grounds necessary to support the theory of the public policy rule do not exist in this case and the rule of public policy is not applicable. We are unable to see how the functions of the defendant corporation can in any manner be interfered with by its being made amenable to the service of garnishment process. By its very nature it is an instrumentality seeking to assist home owners in the payment of debts. An honest debt is in the last analysis always the basis of a garnishment proceeding, for which reason it would seem that this instrumentality of government would not only not be interfered with but would be furthering its general purpose in answering such process with a view to seeing that its funds are placed in the hands of persons to whom they are due. This, to our mind, is sound public policy.

An attempt has been made in this court to raise the issue of the constitutionality of the act providing for the creation of the Home Owners Loan Corporation. It must be remembered that we have before us a case in which the party seeking to raise this issue is primarily attempting to subject the corporation in question to the service of process. In so doing the plaintiff in error must take the position that the corporation is legally constituted, and he becomes precluded from making any claim that such corporation is not a proper creature of the law. Without further discussion we consider it patent that the issue of constitutionality has no place in this case. Likewise the manner in which the funds of this corporation are handled so far as it relates to this proceeding, to-wit, the motion to quash, has no place in this case. Such matter can only be properly considered at such time as the defendant corporation appears in court to answer to the garnishment process and offers it as defensive matter.

Accordingly, the judgment of the Municipal Court of Cleveland is reversed and this cause is remanded to that court for further proceedings according to law. Judgment reversed.

MIDDLETON, PJ, and BLOSSER, J, concur.