In the Matter of Supplementary Proceedings: H. & P. PAINT SUPPLY CO., INC., Judgment Creditor, *v.* HERMAN ORTLOFF, Judgment Debtor.

HOME OWNERS' LOAN CORPORATION, Third Party, Petitioner.

City Court of New York, New York County, April 21, 1936.

*Joseph W. Sanner*, for the Home Owners' Loan Corporation, for the motion.

*Louis H. Roth*, for the judgment creditor, opposed.

SCHIMMEL, J. This is a motion to vacate a third party subpœna *duces tecum*, issued by the judgment creditor's attorney, and directed to the Home Owners' Loan Corporation, the moving party herein. The subpœna was issued pursuant to subdivision 2 of section 779 of the Civil Practice Act. It is not disputed that the Home Owners' Loan Corporation is indebted to the judgment debtor in the sum of $382 for work performed by the judgment debtor under a contract.

The subpœna *duces tecum* requires the Home Owners' Loan Corporation to attend at this court for examination regarding its indebtedness to the judgment debtor, and to produce various books and papers seemingly germane to the subject of the examination. The subpœna also, in accordance with section 781 of the Civil Practice Act, enjoins the corporation from paying over or disposing of the indebtedness in question until the further order of the court.

The sole ground of this motion is that the Home Owners' Loan Corporation, as an instrumentality of the Federal government, may not be subjected to the process in question, that is, to third party proceedings supplementary to judgment.

The Home Owners' Loan Corporation was established pursuant to an act of Congress entitled " Home Owners ' Loan Act of 1933," approved June 13, 1933 (U. S. Code, tit. 12, §§ 1461–1468; 48 U. S. Stat. at Large, 128). The act authorizes the Federal Home Loan Bank Board to create the Home Owners' Loan Corporation which " shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State."

All of the capital stock of the corporation is owned by the United States Treasury. The act forbids ownership of the stock by others. Any profits resulting from the operation of the corporation accrue to the benefit of the government. Bonds issued by the corporation are exempt both as to principal and interest from all taxation, except surtax, estate, inheritance and gift taxes. The corporation, including its franchise, capital, reserves and surplus, its loans and its income, are likewise exempt from such taxation, except that real property of the corporation is taxable to the same extent as other real property. Salaries of the employees of the corporation are paid by vouchers drawn on the Treasury of the United States.

The corporation is entitled to free use of the United States mail for its official business.

The purpose for which the corporation was created was to provide emergency relief with respect to mortgage indebtedness upon homes, to refinance home mortgages, to extend relief to the owners of homes occupied by them, and so far as possible to prevent foreclosures upon homes throughout the United States and its territories.

The Home Owners' Loan Corporation, though explicitly created as an instrumentality of the Federal government, and undoubtedly serving as such, nevertheless partakes of some of the characteristics of private corporations. In the conduct of its business it may enter into contracts with individuals, firms and corporations, and it is out of such a contract that its relationship to this judgment debtor arises. In short, it may carry on business of much the same kind as that of a private lending institution, and in much the same way. It may contract with independent contractors for the performance of work on its behalf, and did so contract with this judgment debtor, agreeing to pay him a stipulated sum of money.

The act from which it derives its existence specifically authorizes it to sue, and permits it to be sued.

The court is of the opinion that it is not immune to third party process of the kind here invoked against it. As was said by Mr. Justice STONE in *Federal Land Bank* v. *Priddy* (295 U. S. 229, at p. 235): " Immunity of corporate government agencies from suit and judicial process, and their incidents, is less readily implied than immunity from taxation."

There can be no doubt of the beneficent uses to which the funds of the Home Owners' Loan Corporation are applied, nor of its great public importance. However, the court does not entertain the slightest apprehension that to subject the petitioner corporation to a third party proceeding supplementary to judgment " would directly interfere with any function performed by petitioner as a Federal instrumentality." (*Federal Land Bank* v. *Priddy, supra,* at p. 237.) It would not in any way prevent petitioner from carrying out the purposes for which it was created and is maintained. Any inconvenience caused by such process to officers or employees of the corporation, though regrettable, is not an interference with the performance of the public purposes of the corporation, and it is not violative of public policy, or in derogation of the act of Congress, to compel these officers and employees to attend and be examined regarding the corporation's indebtedness to one who, as an independent contractor, not as an employee of it or of the Federal government, has rendered services to it.

The act of Congress does not expressly exempt the Home Owners' Loan Corporation from the process here invoked against it. Whether such an exemption should be implied necessarily depends upon all attendant circumstances, as pointed out in *Federal Land Bank* v. *Priddy* (*supra*).

The court, upon considering all the circumstances, finds no compelling reason for implying the exemption which the petitioner claims.

The motion is denied.