## BIEDERMANN v. HOME OWNERS' LOAN CORPORATION.

District Court, S. D. New York.
July 6, 1937.

William H. Sommer, of Mt. Vernon, N. Y. (Louis R. Pagano, of Mt. Vernon, N. Y., of counsel), for plaintiff.

24

Daniel McNamara, Jr., of Brooklyn, N. Y. (Israel I. Davidson, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Defendant, Home Owners' Loan Corporation, moves to dismiss the complaint herein on the ground that it appears on the face thereof that it does not state facts sufficient to constitute a cause of action. Plaintiff alleges in his complaint that on April 20, 1934, he was the owner and holder of a certain valid and subsisting bond, made November 1, 1928, in the sum of $6,000 secured by a mortgage duly recorded November 2, 1928, covering certain premises located in Yonkers, Westchester county, N. Y.; that the then owner of said premises, being in default under the terms of the said bond and mortgage, applied to the defendant for a mortgage loan; that plaintiff at the request of defendant agreed to accept and defendant agreed to deliver to plaintiff defendant's 4 per cent. bonds due July 1, 1951, in the sum of $5,575 in exchange for said bond and mortgage and in connection with defendant's loan to the then owner of the premises; that on said date, April 20, 1934, plaintiff, to enable defendant to close its said loan and relying on and in consideration of defendant's said promise to deliver said bonds to plaintiff, delivered the $6,000 bond and mortgage and a satisfaction thereof to the defendant and received an authorization and receipt, a copy of which is annexed to the complaint. The said receipt recites that for value received plaintiff is entitled to said $5,575 Home Owners' Loan Corporation bonds, and the treasurer of defendant is authorized and directed to deliver the same to the plaintiff through such agency as is designated by plaintiff. The plaintiff, according to said receipt, directed the delivery of the aforementioned bonds to him through the Eastchester Savings Bank, Mount Vernon. The complaint alleges that the defendant recorded the satisfaction of the mortgage delivered to it by plaintiff and also the receipt by defendant of a bond and mortgage on said premises in the sum of $6,994.87 from the owner of the premises (the applicant for the Home Owners' Loan Corporation loan) and the recording of said bond and mortgage. The plaintiff further alleges that he performed all the conditions on his part to be performed and: "That although plaintiff has duly demanded delivery of said bonds, defendant has wholly failed, refused and neglected to deliver the same to the plaintiff, all to his damage in the sum of Five thousand five hundred and seventy-five ($5,575.00) Dollars, with interest from April 20th, 1934."

Defendant contends that the complaint should be dismissed because the defendant under the Home Owners' Loan Act, § 4(d), 12 U.S.C. § 1463(d)(1), 12 U.S.C.A. § 1463(d) and note, "is authorized, for a period of three years after June 13, 1933, (1) to acquire in exchange for bonds issued by it, home mortgages and other obligations and liens secured by real estate (including the interest of a vendor under a purchase-money mortgage or contract) recorded or filed in the proper office or executed prior to June 13, 1933, and (2) in connection with any such exchange, to make advances in cash to pay the taxes and assessments on the real estate, to provide for necessary maintenance and make necessary repairs, to meet the incidental expenses of the transaction, and to pay such amounts, not exceeding $50, to the holder of the mortgage, obligation, or lien acquired as may be the difference between the face value of the bonds exchanged plus accrued interest thereon and the purchase price of the mortgage, obligation, or lien."

Defendant contends that since under the statute it was limited to the delivery of bonds (except a small amount of cash) in these exchanges, all the plaintiff is entitled to is bonds and therefore his remedy is in equity for specific performance (for the delivery of the bonds) and not at law for damages. Section 1463(a) specifically provides for the creation of a corporation to be known as the Home Owners' Loan Corporation "which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State." The mortgage for which the Home Owners' Loan Corporation was exchanging its bonds was the mortgage owned by the plaintiff. The mortgage the defendant acquired from the owner of the premises was the refinancing of the plaintiff's mortgage which was satisfied and discharged.

█ Defendant's obligation was to deliver bonds to the plaintiff; it failed to do so; is plaintiff limited to an equity action for specific performance to compel defendant to deliver the bonds or may he

sue at law for damages for the breach? In my opinion he may sue at law for damages caused by defendant's breach of its agreement as evidenced by the receipt. The statutory limitation as to exchanging Home Owners' Loan Corporation bonds for home mortgages fixes the character of the agreement the Home Owners' Loan Corporation was authorized to enter into, but for a breach of that agreement the plaintiff had a choice of remedies at law or in equity and the defendant was in no different position from that of any other corporation. The statute creating the Home Owners' Loan Corporation broadly provided that it could sue or be sued in a court of competent jurisdiction and contained no limitation that for a breach of its agreement to deliver the bonds it could be sued only for specific performance.

The status of the Home Owners' Loan Corporation as a litigant was discussed in Gill v. Reese, 53 Ohio \App. 134, 4 N.E. (2d) 273:

"This case by the nature of the proceedings originally instituted in the court below presents one issue, to wit: Is the Home Owners Loan Corporation subject to the service of garnishment process within the state of Ohio? It first becomes necessary to determine the status of this corporation. The Congress of the United State passed an act June 13, 1933, effective June 13, 1933, providing for the creation of a corporation to be known as the Home Owners Loan Corporation. The principal purpose of this act, as recited by the legislative body, was to provide emergency relief with respect to · home mortgage indebtedness, to refinance home mortgages, and to extend relief to owners of homes, occupied by those who were unable to amortize their debt elsewhere. Section 4 of the act (48 Stats. at L. 128, 129, Title 12, § 1463, U.S. Code [12 U.S.C.A. § 1463]) clothed the Federal Home Loan Bank Board with the following authority:

·   " 'The Board is hereby authorized and directed to create a corporation to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State.'

"Pursuant to this authority the Home Owners Loan Corporation was created, and section 7 of its articles provides:

" 'Said corporation shall have power to sue and shall be subject to suit as other corporations, and shall have the usual powers and immunities of corporations of the United States.'

"Nothing further appears in either the act of Congress or the charter of the corporation in reference to this proposition. It was the apparent intent of Congress, unequivocally expressed in the act itself, to strip this corporation of the rights and immunities of a sovereign power in relation to the institution of suit by it or against it. * * *

"The broad principle of law applicable to this case is set forth in the case of Gould Coupler Co. v. United States Shipping Board Emergency Fleet Corporation (D.C.) 261 F. 716, 718:

" 'It is in general highly desirable that, in entering upon industrial and commercial ventures, the governmental agencies used should, whenever it can fairly be drawn from the statutes, be subject to the same liabilities and to the same tribunals as other persons or corporations similarly employed.'

"This proposition of law has been generally accepted and followed in the recent decisions of the Supreme Court of the United States."

See, also H. & P. Paint Supply Co., Inc., v. Ortloff, 159 Misc. 886, 289 N.Y.S. 367.

█ The other point advanced by the defendant on this motion is that the complaint is defective in that it does not allege facts sufficient to show that plaintiff has been damaged, because there is no specific allegation of fact showing the value of plaintiff's bond and mortgage or of defendant's bonds. Both the complaint and the copy of defendant's receipt annexed thereto negative that contention.

Defendant's motion to dismiss the complaint is accordingly denied. Settle order on notice.