## PENNELL v. HOME OWNERS' LOAN CORPORATION.

### No. 1482.

District Court, D. Maine, S. D.

Dec. 22, 1937.

Charles J. Nichols, of Portland, Me., for plaintiff.

Simon W. Moulton, of Standish, Me., and Edgar F. Corliss, of Bridgton, Me., for defendant.

PETERS, District Judge.

This is an action founded on tort, removed from the state court and heard on a motion to dismiss.

The defendant foreclosed a mortgage held by it on a dwelling house and took possession of the premises, as it had a right to do under its contract and under the laws of Maine.

The plaintiff, a third party, claiming in her writ to have suffered injury due to negligence on the part of the defendant in its handling of the property, states a case under which it is apparent that she would be entitled to recover if the defendant were an individual or an ordinary private corporation organized under the laws of the state; but it is claimed by the defendant, in support of its motion to dismiss, that defendant is not subject to suit, because it is an agent of the government of the United States.

█ It should be noted in the first place that the negligence complained of is that of the agent itself, for which an agent is liable on his own account. It is the same point considered in Sloan Shipyards Corp. v. U. S. Shipping Board Emergency Fleet Corp., 258 U.S. 549, 42 S.Ct. 386, 388, 66 L.Ed. 762, in which Mr. Justice Holmes said: "An instrumentality of Government, he [it] might be, but the agent, because it is the agent, does not cease to be answerable for his acts. Osborn v. Bank of U. S., 9 Wheat. 738, 842, 843, 6 L.Ed. 204; U. S.

v. Lee, 106 U.S. 196, 213, 221, 1 S.Ct. 240, 27 L.Ed. 171. * * * The plaintiffs are not suing the United States but the Fleet Corporation, and if its act was unlawful, even if they might have sued the United States, they are not cut off from a remedy against the agent that did the wrongful act. In general the United States cannot be sued for a tort, but its immunity does not extend to those that acted in its name."

■ The mere fact that the defendant is an agent of the government does not protect it from suit.

■ Is the defendant immune from suit, generally, for any reason growing out of its organization and purposes or connection with the government, as claimed by counsel? I think not, both by reason and authority, unless, possibly, it should appear that the proceeding would directly interfere with the defendant's function as a federal instrumentality; as was suggested, but left unanswered, in Federal Land Bank v. Priddy, 295 U.S. 229, 237, 55 S.Ct. 705, 709, 79 L.Ed. 1408.

■ The Home Owners' Loan Corporation was created by authority of the Act of June, 13, 1933, as amended, 12 U.S.C.A. § 1461 et seq., to engage in the business of loaning money and refinancing mortgages on real estate, a business that private corporations and individuals commonly engage in. The principal purpose of the act, as was recited therein, was to provide emergency relief with respect to home mortgage indebtedness, to refinance home mortgages, and to extend relief to owners of homes occupied by those who were unable to amortize their debts elsewhere. Profits were to be paid to the government which owned all the stock. But the fact of stock ownership by the government does not change the character of the corporation or render it immune from suit. U. S. v. Strang, 254 U.S. 491, 41 S.Ct. 165, 65 L.Ed. 368; Panama Ry. Co. v. Curran, 5 Cir., 256 F. 768.

■ The general proposition of the defendant is that it is an agent of the sovereign and that an action against the agent is, in effect, an action against the sovereign, and that the sovereign cannot be sued without its consent. But the sovereign may waive immunity, either impliedly, by organizing and employing a state corporation, subject to state laws as to suing and being sued, or expressly, as it has apparently done in this case, by the language of the act.

■ By section 4 of the Home Owners' Loan Act of 1933, as amended, 12 U.S.C.A. § 1463, it was provided that the corporation to be created is "to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State."

This language makes it clear that the corporation, as such, although created and used by the government as an agency to carry out its purposes, has not been relieved of the usual responsibility attaching to corporations.

The attribute of suability was expressly given the corporation by the act and by its charter. The result would have been the same if the corporation had been organized for the same purpose under the laws of a state which gives its corporations the right to sue and be sued.

It was held in Federal Sugar Refining Company v. United States Sugar Equalization Board, D.C., 268 F. 575, and amply supported by authorities, that a corporation organized under the laws of a state, although it is incorporated by direction of the President in the exercise of a discretionary power, and is used as a government agency and its stock owned solely by the government, has only the powers conferred and is subject to all the liabilities imposed by the laws of the state, including liability to suit, and that a suit against it is not one against the United States.

The principle was enunciated by Chief Justice Marshall in Bank of United States v. Planters' Bank, 9 Wheat. 904, 907, 6 L. Ed. 244: "The State of Georgia, by giving to the bank the capacity to sue and be sued, voluntarily strips itself of its sovereign character, so far as respects the transactions of the bank, and waives all the privileges of that character. As a member of a corporation, a government never exercises its sovereignty. It acts merely as a corporator, and exercises no other power in the management of the affairs of the corporation, than are expressly given by the incorporating act."

It was held in Central Market, Inc. v. King, 272 N.W. 244, by the Supreme Court of Nebraska, that the Home Owners' Loan Corporation does not have powers of either executive, judicial, or legislative branches of the government, was granted no immunity from civil process, and is therefore sub-

ject to the same liabilities as other corporations similarly employed. The law is rapidly being settled to that effect. Gill v. Reese, 53 Ohio App. 134, 4 N.E.2d 273, and cases cited. H. & P. Paint Supply Co. v. Ortloff, 159 Misc. 886, 289 N.Y.S. 367.

As to any federal or governmental function being interfered with by this suit, which, if the fact, might prevent its being maintained, under the suggestion to that effect in Federal Land Bank v. Priddy, supra, I can conceive of no way in which it could have that effect. The government, through an agent appointed for the purpose, was engaged in a commercial activity, for humane and worthy purposes, but still a commercial activity rather than a governmental one.

"When the United States enters into commercial business it abandons its sovereign capacity and is to be treated like any other corporation." Sales v. U. S., 2 Cir., 234 F. 842, 844.

The motion to dismiss is denied.