## WALKER v. HOME OWNERS' LOAN CORPORATION.
### No. 7816–C.

District Court, S. D. California, Central Division.

Nov. 4, 1938.

Dailey S. Stafford, of Los Angeles, Cal., for plaintiff.

J. V. McDermott and Ewell D. Moore, both of Los Angeles, Cal., for defendant.

NETERER, District Judge.

This is a suit in tort to recover for personal injuries said to have been sustained in a fall from an unsafe chair, to which plaintiff was invited to sit, by an employee of the defendant, while she called at the defendant's office for business purposes.

The defendant moved to dismiss, for that defendant is an arm of the Sovereignty of the United States and not liable for tort, and the court has not jurisdiction.

The "Home Owners Loan Act of 1933" creates a depository of public funds to be expended for the relief of distressed mortgage farm and home owners, and is a political arm of the Government for the execution of Federal powers, and is within the general welfare clause of the Constitution. Art. 1 sec. 8, U.S.C.A.Const. The

act specifically provides: That it "shall be an instrumentality of the United States." Sec. 1463 (a), Tit. 12 U.S.C.A. The capital stock is owned by the United States. All of its employees are engaged by the United States. Sec. 1463 (j), Tit. 12 U.S. C.A. Commonwealth ex rel. Kelly v. Rouse, 163 Va. 841, 178 S.E. 37. It has the free use of the United States mails. Sec. 1463 (j), Tit. 12 U.S.C.A. Its funds are public funds, U. S. v. Kay, 2 Cir., 89 F.2d 19. See, also, Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577. Its bonds, by guaranty, are obligations of the United States. Sec. 1463 (c), Tit. 12 U.S.C.A. All of its assets are free from taxation, except real property which is specifically made subject thereto. Sec. 1463 (c), Tit. 12 U.S.C.A. It was "authorized, for a period of three years after June 13, 1933", Sec. 1463 (d), Tit. 12 U.S.C.A.; and shall be liquidated "when its purposes have been accomplished", and its funds paid into the Treasury of the United States. Sec. 1463 (k), Tit. 12 U.S.C.A.

■ The Federal Home Loan Bank Board was directed to create the Home Owners Loan Corporation "which shall be an instrumentality of the United States", Sec. 1463 (a), Tit. 12 U.S.C.A., and constitutes the governing Board of the defendant, and is appointed by the President with the advice and consent of the Senate. The Congress has retained and executed control of all its operations. The express act of the Congress to expend public funds for public purposes is within its power, and is not limited by "the direct grants of legislative power found in the Constitution", U. S. v. Butler, 297 U.S. 1, at page 66, 56 S.Ct. 312, 319, 80 L.Ed. 477, 102 A.L.R. 914.

The act was inspired to suppress poverty, as dangerous to the general welfare as the approach of a foreign foe. It was dispossessing many thousand farmers and home owners, and withholding employment from several million laborers; it was to ameliorate public stress, threatening danger, violence, confusion or chaos; and prior to the enactment in issue, danger threatened, verging on anarchy throughout various farming and manufacturing areas in some locations in the United States. Chicago M. St. P. & P. R. Co. v. Hedges, D.C., 5 F.Supp. 752. A condition was presented which the wildest dreams of the Constitution makers could not sense. By "Divine inspiration" and "Prophetic vi-

sion" the general welfare clause was adopted. Const. Article 1, Sec. 8, U.S.C.A. Const. art. 1, § 8.

■ For the Supreme Court, Justice Cardozo in Helvering v. Davis, 301 U.S. 619, at page 640, 57 S.Ct. 904, 908, 81 L.Ed. 1307, 109 A.L.R. 1319, said: "Congress may spend money in aid of the 'general welfare.' Constitution, art. 1, § 8; U. S. v. Butler, 297 U.S. 1, 65, 56 S.Ct. 312, 319, 80 L.Ed. 477, 102 A.L.R. 914. Steward Machine Co. v. Davis, supra [301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293]. There have been great statesmen in our history who have stood for other views. We will not resurrect the contest. It is now settled by decision. U. S. v. Butler, supra." What was said by this writer in U. S. v. Clallam County, D.C., 283 F. 645, at page 648 is decisive here: "Freedom of corporate action or power of control by the Spruce Production Corporation in this case is mere fiction. All of its acts were directed and controlled by the President [in the instant case it is controlled by the Board appointed by the President and confirmed by the Senate] of the United States through the several departments authorized by the Congress, * * * and the corporation was a mere instrumentality or agency for doing the bidding of the President of the United States. [Authorities quoted.] Courts will not be blinded by the form of law." On appeal this case was affirmed Clallam County v. U. S., 263 U.S. 341, 44 S.Ct. 121, 122, 68 L.Ed. 328, in which, the Court by Justice Holmes said: "But it may be, and in our opinion clearly is when as here not only the agent was created but all the agent's property was acquired and used, for the sole purpose of producing a weapon for the war. This is not like the case of a corporation having its own purposes as well as those of the United States and interested in profit on its own account."

In the instant case the defendant was organized as an arm of the Sovereign (the United States), for carrying on a war against poverty; poverty which inspired insurgency, and a condition verging upon anarchy; and to protect and conserve human life, liberty and property and particularly the home; to inspire peace, and restore quiet, and insure domestic tranquility rather than "producing weapons for the war" to destroy human life and property. The peril to the general welfare

was as great or greater, than would have been the attack by an armed foe.

The provision to sue and to be sued must be considered in the light of the power, and function of the HOLC. The Congress has not consented to be liable for the tort of the HOLC, nor consented to be sued for tort. It is well settled that the United States cannot be sued for tort, when committed by its officers or agents in discharge of official duties, Peabody v. U. S., 231 U. S. 530, 34 S.Ct. 159, 58 L.Ed. 351; Smith v. Reeves, 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140; Belknap v. Schild, 161 U.S. 10, 17, 16 S.Ct. 443, 40 L.Ed. 599; Occidental Const. Co. v. U. S., 9 Cir., 245 F. 817; Robertson v. Sichel, 127 U.S. 507, 8 S.Ct. 1286, 32 L.Ed. 203. "The sovereignty of the United States raises a presumption against its suability", said Chief Justice Taft for the Court in Eastern Transportation Co. v. U. S., 272 U.S. 675, at page 681, 47 S.Ct. 289, 291, 71 L.Ed. 472.

The consent to sue and to be sued, is only in respect to such matters as are within the scope of the corporate power of the HOLC. There is no expression, or inference to be drawn from any of the provisions, that liability for tort was assumed, or consent given, to sue or to be sued for tort. By express language its funds may not be diverted to the payment of such claim, since it is forbidden to incur any expense for administration purposes, except of an annual appropriation by the Congress for that purpose, Act June 4, 1936, 49 Stat. 1457; and the liability for suit cannot be extended beyond the plain language of the statute authorizing it. Price v. U. S., 174 U.S. 373, 19 S.Ct. 765, 43 L.Ed. 1011. In Pine Hill Coal Co. v. U. S., 259 U.S. 191, at page 196, 42 S.Ct. 482, 483, 66 L.Ed. 894, it is said: "Liability in any case is not to be imposed upon a Government without clear words." This conclusion is supported by cases cited in margin No. 1.[1] The plaintiff to support her claim cites cases in margin No. 2.[2] These cases while interesting are not convincing. To analyze and distinguish would serve no good purpose, and would unduly extend this memorandum.

The motion to dismiss is granted.

---

[1] Overholser v. National Home for Disabled Soldiers, 68 Ohio St. 236, 67 N.E. 487, 62 L.R.A. 936, 96 Am.St.Rep. 658; Lyle v. National Home for Disabled Volunteer Soldiers, C.C., 170 F. 842; Jeringan v. HOLC #2179 Dist. Tenn. (not published); Integrity Trust Co. v. U. S., D.C., 3 F.Supp. 577; Maria Prato v. Home Owners' Loan Corp., D.C.Mass., 24 F.Supp. 844, Sept. 21, 1938; Federal Land Bank v. Priddy, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408; Occidental Const. Co. v. U. S., 9 Cir., 245 F. 817; McCulloch v. Maryland, 4 Wheat. 316, 4 L.Ed. 579; Julliard v. Greenman, 110 U. S. 421, 4 S.Ct. 122, 28 L.Ed. 204; Norman v. B. & O. R. Co., 294 U.S. 240, 55 S.Ct. 407, 79 L.Ed. 885, 95 A.L.R. 1352; Farmers' & Merchants Nat. Bank v. Dearing, 91 U.S. 29, 23 L.Ed. 196; Public Act No. 43 (73rd Congress), Tit. 12 U.S.C.A. §§ 1461–1468; Langer v. U. S., 8 Cir., 76 F.2d 817; Ballaine v. Alaska Northern R. Co., 9 Cir., 259 F. 183.

[2] Pennell v. Home Owners' Loan Corp., D.C., 21 F.Supp. 497; Herman v. Home Owners Loan Corp., 120 N.J.L. 437, 200 A. 742, July 8, 1938; Casper v. Regional Agr. Credit Corp., Minn., 278 N.W. 896; U. S. ex rel. Skinner & Eddy Corp. v. McCarl, 275 U.S. 1, 48 S.Ct. 12, 72 L.Ed. 131; Gill v. Reese, 53 Ohio App. 134, 4 N.E.2d 273; Graves Bros. v. Lasley, 190 Ark. 251, 78 S.W.2d 810; Biedermann v. Home Owners' Loan Corp., D.C., 20 F.Supp. 23; Central Market, Inc., v. King, 132 Neb. 380, 272 N.W. 244.