### PRATO v. HOME OWNERS' LOAN CORPORATION.

### No. 3419.

Circuit Court of Appeals, First Circuit.

Aug. 2, 1939.

Albert L. Hyland, of Boston, Mass. (Albert U. Rosa, of E. Boston, Mass., and Lyne, Woodworth & Evarts, of Boston, Mass., on the brief), for appellant.

Charles W. O'Brien, of Boston, Mass. (Howard W. Cole and Brickley, Sears & Cole, all of Boston, Mass., on the brief), for appellee.

Before WILSON and MORTON, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM.

The plaintiff alleges that while she was lawfully using a public way in Boston, Massachusetts, to wit, the sidewalk in front of premises owned and controlled by the defendant, she was caused to fall and sustained injuries by reason of stepping on an accumulation of snow and ice, which was caused to be thereon by reason of snow and ice accumulating on the said premises and portions thereof and thereafter melting and dripping, draining, or being discharged on to the sidewalk in front of said premises and freezing thereon, due to the negligence of the defendant, its agents or servants.

No question is raised as to the liability of the defendant unless it is immune from suit for tort, on the ground that it is an agency of the United States and partakes of its immunity for tort actions.

The statutes creating the defendant corporation vested it with the general authority to sue and be sued. So far as the language is concerned, it includes all manner of suits, with no immunity from actions of tort.

There is a conflict of decisions, without citing them all; see Federal Land Bank v. Priddy, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408; Sloan Shipyards Corp. v. United States Fleet Corp., 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762; United States v. Strang, 254 U.S. 491, 41 S.Ct. 165, 65 L.Ed. 368; Henson et al. v. Eichorn et al., D.C., 24 F. Supp. 842; Walker v. Home Owners' Loan Corp., D.C., 25 F.Supp. 589. Two other federal District Court cases which are directly opposed to each other are: Pennell v. Home Owners' Loan Corp., 21 F.Supp. 497, in which the District Court of Maine held that such a corporation was amenable to a tort action; and the instant case in which the District Court of Massachusetts held this corporation to be immune.

However, these cases were all decided before the decision in the case of Keifer & Keifer v. Reconstruction Finance Corporation and Regional Agricultural Credit Corporation, 306 U.S. 381, 59 S.Ct. 516, 517, 83 L.Ed. 784, hereinafter referred to as "the Regional", was handed down by the Supreme Court, which we think is decisive of this case. The Reconstruction Finance Corporation chartered under authority granted to it by Congress the Regional Agricultural Credit Corporation. While the action in the case grew out of a cattle feeding contract entered into by "the Regional", the injuries were the result of the negligence of the defendant's servants for failure to provide proper care for cattle delivered to it under the agreement. The Supreme Court, however, in this case, in an able opinion decided February 27, 1939, clearly indicates that liability for tort actions is included in the familiar description of corporate powers in corporations authorized by Congress of "to sue and be sued."

■ "The government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work. United States v. Lee, 106 U.S. 196, 213, 221, 1 S.Ct. 240, 254, 261, 27 L.Ed. 171; Sloan Shipyards Corp. v. U. S. Fleet Corp., 258 U.S. 549, 567, 42 S.Ct. 386, 388, 66 L.Ed. 762. * * *

"To give Regional an immunity denied to more than two score corporations, each designed for a purpose of government not relevantly different from that which occasioned the creation of Regional, is to impute to Congress a desire for incoherence in a body of affiliated enactments and for drastic legal differentiation where policy justifies none. A fair judgment of the statute in its entire setting relieves us from

making such an imputation of caprice. * * *

 "Regional claims immunity in any event because Congress has not subjected it to suit 'in tort'. It is assumed that the present action is not one upon a contract, express or implied, and, therefore, outside the purview of 'to sue and be sued.' The premise is not valid, nor does the conclusion follow. * * *

"When it chose to do so, Congress knew well enough how to restrict its consent to suits sounding only in contract, even with all the controversies in recondite procedural learning that this might entail. It did so with increasing particularity in the successive Court of Claims Acts. * * * In the light of these statutes it ought not to be assumed that when Congress consented 'to suit' without qualification, the effect is the same as though it had written 'in suits on contract, express or implied, in cases not sounding in torts.' No such distinction was made by Congress, and no such interpolation into statutes has been made in cases affecting government corporations incorporated under state law or that of the District of Columbia. There is equally no warrant for importing such a distinction here. To do so would make application of a steadily growing policy of governmental liability contingent upon irrelevant procedural factors. * * *

"Congress has embarked upon a generous policy of consent for suits against the government sounding in tort even where there is no element of contract. It has sanctioned suits for patent infringement, 36 Stat. 851, 35 U.S.C.A. § 68, provided for compensation for the disability or death of a government employee 'while in the performance of his duty', 39 Stat. 742, 5 U.S.C.A. § 751 et seq., authorized payment for damage to property by the Army Air Service. 41 Stat. 109. These and other public statutes and many private bills were founded on considerations thus generalized in a Report of the Senate Committee on Claims * * *

"Congress has thus clearly manifested an attitude which serves as a guide to the scope of liability implicit in the general authority it has conferred on governmental corporations to sue and be sued. We should be denying the recent trend of Congressional policy to relieve Regional from liability."

 The defendant in this case being authorized, without qualification, to sue and be sued, it must be held liable in an action of tort.

The order of the District Court dismissing the plaintiff's action is reversed, with costs of this court, and the case is remanded to the District Court for trial.