492 P.2d 1247

**BATES & SPRINGER OF ARIZONA, INC.,**
an Arizona corporation, Appellant,

v.

Darien Z. FRIERMOOD and Austin W. Kaercher, Appellees.

No. 2 CA–CIV 1003.

Court of Appeals of Arizona,
Division 2.

Jan. 20, 1972.

Rehearing Denied Feb. 25, 1972.

Review Granted April 4, 1972.

Hughes, Hughes & Conlan, by Coit I. Hughes, Phoenix, for appellant.

Spaid, Fish, Briney & Duffield, by Richard Duffield, Tucson, for appellees.

HOWARD, Judge.

Appellees, the plaintiffs below, filed a replevin action in the trial court alleging that they were the owners of certain television sets which were unlawfully seized by the defendant and praying for the return of the television sets together with damages for loss of use of said sets.

In its answer the defendant admitted that it had possession of certain television sets found in the possession of one Lester B. Holmes, a tenant of the property in which the sets were found; that the said Lester B. Holmes owed the sum of $948.73 for rent and that the sets were being held pursuant to a landlord's lien.

The case was tried to the court sitting without a jury. The trial court ordered judgment for plaintiff Friermood in the sum of $2,240 and in favor of plaintiff Kaercher in the sum of $800 for the loss of use of the television sets.

Appellant filed a motion for a new trial and upon the denial of said motion filed this appeal from the judgment and the order denying a motion for new trial.

The facts show that since 1965, one Lester B. Holmes had been engaged in the radio and TV sales and service business in Green Valley, Arizona, under the name of Green Valley TV Service. In 1969, Holmes became delinquent in the rental payments on the premises in Green Valley which he was leasing from the Federal Housing Administration. When he failed to pay the arrearages, the appellant, Bates & Springer, an Arizona corporation which acted as the agent of the Federal Housing Administration in the management of the premises, caused the premises to be closed and asserted a landlord's lien against all the personal property found upon the premises including the television sets in question. Upon the closing of the premises and the assertion of the lien, the appellees claimed ownership of the television sets which had been found on the premises. Letters were sent by the attorney for the appellees asserting ownership to said property with accompanying documentary evidence to substantiate the claimed ownership. Upon refusal by appellant to release the television sets to appellees, this replevin action was instituted.

The appellant presents the following questions for review:

"1. IT APPEARING WITHOUT DISPUTE THAT THE DEFENDANT WAS ACTING AS AGENT FOR THE FEDERAL HOUSING ADMINISTRATION, DID THE STATE COURT HAVE JURISDICTION IN THIS LAWSUIT?

2. IS PERSONAL PROPERTY PURCHASED FROM A TENANT BUT LEFT WITH HIM FOR BUSINESS PURPOSES SUBJECT TO A LANDLORD'S LIEN?

3. IS PERSONAL PROPERTY USED IN A JOINT VENTURE BETWEEN A TENANT AND A THIRD PARTY SUBJECT TO A LANDLORD'S LIEN?

4. DID THE TRIAL COURT ERR IN ITS CALCULATION OF DAMAGES?

JURISDICTION

Appellant claims that since it is undisputed that it was acting as an agent for an agency of the federal government exclusive jurisdiction must be in federal district court. Furthermore, appellant contends that since the United States Government is immune from suit in any tort action except in the United States District Court its agents are also entitled to the same immunity.

█ We do not agree with either of appellant's contentions. It should first be noted that the action in this case was not brought against the United States but was brought against a corporation duly organized and authorized to do business in the State of Arizona. Appellant's contention is negated by Restatement (Second) of

Agency § 347 (1958), which stated: "(1) An agent does not have the immunities of his principal although acting at the direction of the principal." Illustration 1 under the foregoing section of the Restatement states:

"A, the driver of a municipal fire wagon, drives recklessly to a fire, injuring T. Aside from statute, A is liable to T, although the municipality is not."

The Restatement (Second) of Agency, Appendix § 345, reporter's notes at 565–66 (1958) lists numerous cases in accord with the foregoing section of the Restatement.

Of special interest is the case of Sloan Shipyards Corp. v. United States Shipping Board Emergency Fleet Corp., 258 U.S. 549, 42 S.Ct. 386, 56 L.Ed. 762 (1922), wherein Mr. Justice Holmes said:

"An instrumentality of Government he [it] might be and for the greatest ends, but the agent, because he [it] is agent, does not cease to be answerable for his acts. Osborn v. Bank of United States, 9 Wheat. 738, 842, 843, 6 L.Ed. 204; United States v. Lee, 106 U.S. 196, 213, 221, 1 Sup.Ct. 240, 27 L.Ed. 171. . . .

. . . The plaintiffs are not suing the United States but the Fleet Corporation, and if its act was unlawful, even if they might have sued the United States, they are not cut off from a remedy against the agent that did the wrongful act. In general the United States cannot be sued for a tort, but its immunity does not extend to those that acted in its name." 258 U.S. at 567–568, 42 S.Ct. at 388.

■ The government does not become the conduit of its immunity in suits against its agents or instrumentalities merely because they do its work. Keifer & Keifer v. Reconstruction Finance Corp., 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939). *See also* Quinn v. Southgate Nelson Corp., 36 F. Supp. 873 (S.D.N.Y.1941); Pennell v. Home Owners' Loan Corp., 21 F.Supp. 497 (D.Me.1937).

■ The appellant in this case is an Arizona corporation and as such is subject to suit in the courts of this state without regard for any immunity on the part of its principal for whom it acted. The suit not being against the United States, but rather against an Arizona corporation, jurisdiction was properly in the state court and not in the federal court.

## WERE THE TV SETS SUBJECT TO THE LANDLORD'S LIEN?

The statutory provision for granting a landlord's lien is set out in A.R.S. § 33–362:

"A. The landlord shall have a lien on all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid. . . .

B. The landlord may seize for rent any personal property of his tenant found on the premises, *but the property of any other person, although found on the premises, shall not be liable therefor.* . . . " (Emphasis added)

■ The center of controversy in this case is the issue of who owned the television sets in question. As to appellee Friermood, it is clear that the television sets which he owned were never at any time owned by Holmes. The uncontradicted evidence at the trial was that these television sets originally were on the premises leased by Holmes as a result of a floor planning arrangement between B–W Acceptance Corp. and Holmes. Under this floor plan agreement title to the television sets never vested in Holmes. The evidence further shows that when Holmes ran into financial difficulties and B–W Acceptance Corporation threatened to remove all sets from his premises appellee Friermood bought the sets from the B–W Acceptance Corporation and allowed the same to remain on the premises leased by Holmes. Holmes and Friermood then entered into an agreement whereby Holmes agreed to sell or rent the sets and remit certain sums to Friermood. Although the written agreement between Friermood and Holmes

may be somewhat ambiguous as to the ownership of the television sets, the testimony at the trial by Friermood was quite clear that he and he alone retained ownership of the television sets. The trial court accepted appellee Friermood's explanation of the business arrangement between himself and Holmes and we cannot gainsay its finding.

■ The appellant's contention that there existed a joint venture between Friermood and Holmes which gave Holmes a proprietory interest in the property must likewise fail. In order for there to be a joint venture there must not only be an agreement to share in the profits, Arizona Public Service Co. v. Lamb, 84 Ariz. 314, 327 P.2d 998 (1958); L. M. White Contracting Co. v. St. Joseph Structural Steel Co., 15 Ariz.App. 260, 488 P.2d 196 (1971), but also an agreement to share in the losses. 48 C.J.S. Joint Adventures § 2 (1947). It is clear that the agreement between the parties contemplated that Friermood was, at the very least and in all events, to receive from Holmes the entire purchase price of the television sets plus an additional twenty percent of the purchase price.

■■ As to the appellee Kaercher the situation is different. The evidence shows that the sets owned by Kaercher were originally owned by Holmes and were sold to Kaercher during the year 1966. The evidence further shows that these sets were never removed from the possession of Holmes after their sale to Kaercher. In Arizona the landlord's lien attaches at the beginning of the tenancy or as soon as the chattels are brought upon the premises. Dewar v. Hagans, 61 Ariz. 201, 146 P.2d 208 (1944). The general rule, which is subject to certain exceptions, it that the property of a tenant is subject to his landlord's lien, notwithstanding that it has been sold by the tenant, removed during the term of the lease, or seized and sold by operation of law. 49 Am.Jur.2d Landlord & Tenant § 711 (1970); Annot., 9 A.L.R. 300, 323 (1920), supplemented by Annot.,

96 A.L.R. 249, 263 (1935). One exception to the general rule is that in the case of a sale of the tenant's goods, the landlord's statutory lien thereon for rent is not good as against a bona fide purchaser, without notice, either actual or constructive, of the lien, who has the goods in his possession. Murphey v. Brown, 12 Ariz. 268, 100 P. 801 (1909). Another exception exists if the goods of the tenant have been sold by him in the ordinary course of trade. These goods are not subject to the landlord's lien. Annot., 9 A.L.R. 300, 331 (1920), supplemented in Annot., 96 A.L.R. 249, 268 (1935).

■ It appears that the television sets which were sold to Kaercher were not sold in the ordinary course of business but were sold in order to raise capital. It is further clear that these sets were never removed from the premises and under the authority of Murphey v. Brown, supra, would still be subject to the landlord's lien. However, the record is completely devoid of any evidence whatsoever as to whether or not in the year 1966, when the sets were sold to Kaercher, Holmes was located in the same premises in which he was located when the landlord's lien was asserted and further devoid of any evidence whatsoever as to the owner of the premises from whom he was leasing in 1966. As a matter of fact, the documentary evidence introduced in the case indicates that the lease in question commenced May 1, 1967.

Appellant has therefore failed to prove, which it must, that at the time the sets were sold to Kaercher they were on the premises on which appellant asserted the landlord's lien.

## CALCULATION OF DAMAGES

■ The trial court calculated damages in the case from the time of the seizure of the television sets until the time of the trial, November 13, 1970. The record discloses that on September 8, 1970, the suit between Holmes and appellant was settled and the case dismissed. At that time appellant gave Holmes authorization to pick

up all of the property. Since appellees have the duty to mitigate damages, and could have secured their sets prior to the time of trial, we agree that the trial court erred in its calculation of damages. We find that appellee Friermood is entitled to the sum of $1,850 and that the appellee Kaercher is entitled to the sum of $740.

The case is affirmed in all respects except as to the amount of damages and the case is remanded to the trial court which is instructed to enter a judgment in favor of the appellees in the sums hereinabove mentioned.

HATHAWAY, J., and J. RICHARD HANNAH, Judge of the Superior Court, concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge J. RICHARD HANNAH was called to sit in his stead and participate in the determination of this decision.