# Haines et al. *v.* Lone Star Shipbuilding Co. an United States Shipping Board Emergency Fleet Corporation, Garnishee, Appellant.

*Foreign attachment—Corporations—Federal corporations—State courts—Federal courts—Jurisdiction—Concurrent jurisdiction—United States Shipping Board—Garnishment.*

1. When the federal government embarks in industrial enterprises through corporate form, it places its money and its sovereign position on the same industrial plane as other stockholders buying stock in the same corporation, unless it limits the liability of such corporation.

2. The United States Shipping Board Emergency Fleet Corporation is not made an arm of the federal government, but is a business corporation organized under the laws of the District of Columbia, with a capacity to sue or be sued, and hence subject to garnishment process.

3. Such status is not affected by the fact that the United States owns all of the stock of such corporation; nor is immunity thrown around it because enormous powers are conferred upon it.

4. Corporations organized under the laws of the District of Columbia may, in the absence of legislation to the contrary, be sued in the state courts, although the federal courts have concurrent jurisdiction.

*Foreign attachment—Answers to interrogatories—Evasive answers—Contract—Locus of debt—Jurisdiction—Performance in another state—Payment in Pennsylvania.*

5. Plaintiff in a foreign attachment is entitled to as full and specific answers on the part of the garnishee to interrogatories as if affiant were on the witness stand.

6. If the answers are evasive, giving but a touch of facts here and there, and intentionally skipping the material parts necessary to the inquiry, judgment will be directed against the garnishee for want of sufficient answers.

7. A debt due by a corporation of the District of Columbia to a Maryland corporation under a contract to be performed in Texas, but payment for which is to be made at the payor's office in Pennsylvania, which is its principal place of business, is subject to foreign attachment in Pennsylvania.

8. The visible locus of a debt is the residence of the debtor, and the tribunal of that residence may exercise jurisdiction over it in rem.

9. Where there is no denial that the garnishee has a sum of money in its hands sufficient to pay plaintiff, and the answers are evasive and uncertain as to some arrangement by which certain other creditors were to be paid, judgment will be entered against the garnishee.

Argued January 18, 1922. Appeal, No. 9, Jan. T., 1922, by garnishee, from order of C. P. No. 5, Phila. Co., June T., 1919, No. 118, making absolute rule for judgment against garnishee on answers to interrogatories, in case of William H. Haines et al., Trustees, trading under deed of trust, dated January 17, 1912, as Haines, Jones & Cadbury Co. v. Lone Star Shipbuilding Co., defendant, and United States Shipping Board Emergency Fleet Corp., garnishee. Before Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ. Affirmed.

Foreign attachment.

Rule for judgment against garnishee for want of sufficient answers to interrogatories. Before Martin, P. J.

The opinion of the Supreme Court states the facts.

Rule absolute. The garnishee appealed.

*Error assigned,* inter alia, was order, quoting it.

*Wm. Y. C. Anderson,* District Counsel U. S. Shipping Board Emergency Fleet Corporation, with him *George W. Coles,* U. S. Attorney, for appellant.—Even if appellant were merely a private corporation, and an individual debtor of defendant, still the attachment in this case is a nullity because neither appellant nor defendant is a Pennsylvania corporation, and the contract between them was not to be performed in Pennsylvania and did not require the former to make any payments to the latter in Pennsylvania: Penna. R. R. v. Pennock, 51 Pa. 244; Noble v. Oil Co., 79 Pa. 354; Raymond v. Leish-

man, 243 Pa. 64; Opdyke v. Iron Works, 10 Pa. Dist. R. 68; Cent. T. Co. v. R. R., 68 Fed. 685; Mindlin v. Spinning Co., 27 Pa. Dist. R. 87.

*Pierce Archer, Jr.,* with him *W. Nelson L. West,* for appellees.—The attachment in this case is a valid exercise of jurisdiction and binds the debt; for, while neither appellant nor defendant is a corporation organized under the laws of Pennsylvania, the chief office and place of business of appellant is at Philadelphia, and the situs of the debt is within the State.

The visible locality of a debt is the residence of the debtor, and the tribunal of that residence may exercise jurisdiction over it in rem: Andrews v. Herriot, 4 Cowan 510; Mills v. Duryee, 7 Cranch 481; Bissell v. Briggs, 9 Mass. 462; Armstrong v. Carson, 2 Dallas 302.

The answers made by garnishee in the court below are peculiar in that they both answer and refuse to answer. But in so far as they purport to answer they are evasive, partial and argumentative, and are not full, true and direct, as required by the Act of June 13, 1836, section 24: Henwood v. Am. Legion of Honor, 2 Pa. Dist. R. 170.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

When this case was here before, 268 Pa. 92, on motions to quash the writ of attachment, it was held garnishee was not an agency of the United States Government for the purpose of carrying out the Shipping Act of 1916 and its several amendments, or the emergency shipping fund provision of the Act of 1917, providing an appropriation for military and naval expenses on account of the war, though it exercised the powers conferred by the President, and the United States did own garnishee's capital stock. That did not constitute the government, nor represent it, so as to make its contract with defendant a contract with the United States; and, generally, the former was not immune from liability before state

courts because it was an arm of the government, but was subject to process the same as any foreign corporation doing business in Pennsylvania, and not immune from civil action here, though the federal courts may have concurrent jurisdiction. When the government embarks in industrial enterprises through corporate form, it places its money and its sovereign position on the same industrial plane as other stockholders buying stock in the same corporation. The motions to quash were denied, and the record returned for further hearing. Exceptions were sustained to garnishee's answers to interrogatories, and the court below directed judgment for want of sufficient answer.

This appeal seeks to again raise the questions originally passed on, with this additional one: Is a debt payable in Texas by a corporation of the District of Columbia to a Maryland corporation attachable in Pennsylvania?

We need not discuss the first three questions, as the subject-matter of the litigation was before us in the former appeal; it is only necessary to refer to the recent federal case of Sloan Shipyards Corporation et al. v. United States Shipping Board Emergency Fleet Corporation and the United States of America, No. 328 October Term, 1921, 42 U. S. Sup. Ct. 386, where, in an opinion by Mr. Justice HOLMES, it is held the United States Shipping Board Emergency Fleet Corporation was not an arm of the government, but a business corporation, organized under the laws of the District of Columbia, with a capacity to sue and be sued. Such status was not affected by the fact that the United States owned all the stock of such corporation, nor was immunity thrown around it because enormous powers were ultimately conferred on the fleet corporation. See Haines et al. v. Lone Star Shipbuilding Co., etc., 268 Pa. 92. The fleet corporation was not put in the place of the sovereign to share its immunity otherwise than as the sovereign allows, and the sovereign did not limit its

liability when it engaged in this undertaking: Sloan Shipyard Corporation et al. v. United States Shipping Board Emergency Fleet Corporation and the United States of America, supra.

Appellant's answers to the interrogatories are chiefly legal conclusions, based on what was decided in 268 Pa. 92, rather than a statement of facts in reply to questions. At no place is there an unequivocal answer to questions put. Plaintiff was entitled to as full and specific answers as if affiant had been on the witness stand. Interrogatories are issued to elicit facts. These answers are evasive, giving but a touch of facts here and there, intentionally skipping the material parts necessary to the inquiry. In many instances a direct answer could have been given, but it is clear the framer of the answer did not intend to make it direct, seeing fit rather to swing responsibility around the alleged immunity feature of the garnishee.

The answers to the fifth and sixth interrogatories require more specific attention, as the last of the questions involved is predicated on these answers. The replies are to the effect that it did not have in its possession any money due defendant within the Commonwealth of Pennsylvania, and, if it did have, it was due under a contract for work to be performed in the State of Texas; that, subsequently, a proceeding in equity, wherein defendant and garnishee had been parties, terminated on the 22d of April, 1919, through an arrangement whereby the garnishee was to pay the creditors of defendant who were parties to that equity proceeding.

It definitely appears in garnishee's contract with defendant the only place for payment of the contract price was at garnishee's office in Philadelphia; in adjusting their differences, certain things were required to be done; it was then specified the services were to be performed at defendant's works in Beaumont, Texas, but no office is mentioned for payment except Philadelphia, and, as part of the contract price was to be paid there, it is fair

to assume this was the place for payment of the debt. The executive offices of garnishee company were located in Philadelphia, and it is not questioned this company was legally doing business in this State. So we have an attachment of money due to a defendant from a garnishee, having its principal place of business within this State, payable within this State, though both garnishee and defendant are foreign corporations. Both are brought within the jurisdiction of our courts as to person and subject-matter of attachment. The visible locus of a debt is the residence of the debtor, and the tribunal of that residence may exercise jurisdiction over it in rem: Story's Conflict of Law, sections 549 and 550; Andrews v. Herrit, 4 Cowan 508, and note, p. 510 et seq.

There was nothing in the second branch of the answer to advise the court of the nature of the proceeding in Texas, and why it should be for the benefit of certain of defendant creditors and not all. There is nothing in the answer to justify the court in holding plaintiff was precluded from instituting suit because of this action in the State of Texas, though it appears defendant and garnishee had been parties thereto. It terminated April 22, 1919, through some arrangement whereby garnishee was to pay certain creditors named in that case. We do not know whether the payment included the total sum due from garnishee to defendant or if that sum has been paid. There is no denial here that garnishee has a sum of money in its hands sufficient to pay plaintiff, nor assertion that it does not have other money due defendant in addition to that to be paid under the Texas suit.

We conclude the court below had jurisdiction of the subject-matter as well as of the person, and, inasmuch as the answers were evasive, merely legal deductions as to what garnishee conceived to be the issue, the court below was not in error in treating the answer as evasive and directing judgment for plaintiff.

The judgment of the court below is affirmed.