ADAMS v. HOME OWNERS' LOAN CORPORATION et al.

No. 11430.

Circuit Court of Appeals, Eighth Circuit.

Nov. 4, 1939.

Rehearing Denied Nov. 29, 1939.

G. E. Price, of Lincoln, Neb. (J. E. Porter, of Crawford, Neb., and Edwin Cassem,

of Omaha, Neb., on the brief), for appellant.

Mose Silverman, of Omaha, Neb. (Ray E. Dougherty, of Omaha, Neb., on the brief), for appellee.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

George M. Adams appeals from a final judgment which dismissed an action brought by him against the Home Owners' Loan Corporation for damages for malicious prosecution. The judgment followed upon the court's sustaining a demurrer filed by the Home Owners' Loan Corporation to the amended petition.

The Home Owners' Loan Act of 1933, 12 U.S.C.A. §§ 1461–1468, authorized and directed the Federal Home Loan Bank Board to create a corporation "to be known as the Home Owners' Loan Corporation, which shall be an instrumentality of the United States, which shall have authority to sue and to be sued in any court of competent jurisdiction, Federal or State, and which shall be under the direction of the Board and operated by it under such by-laws, rules, and regulations as it may prescribe for the accomplishment of the purposes and intent of this section." 12 U.S. C.A. § 1463. The Act provided the steps of organization and the functions of the Corporation and prescribed criminal penalties against any person who perpetrates certain frauds against the Corporation or against the Board. 12 U.S.C.A. § 1467. To accomplish the enforcement of the criminal penalties the Board adopted and promulgated Section 17, Ch. VI. "Manual of Rules and Regulations", as follows:

"Penalties or Criminal Matters—In substance the Home Owners' Loan Act imposes penalties (a) for the making of any false statement or the over-valuing of any security for the purpose of influencing the action of the Corporation on a loan. * * * The Legal Department in Washington handles all criminal matters in cooperation with the Department of Justice. Any person having reason to believe that there has been a violation of law affecting the Home Owners' Loan Corporation should forward the information with all available supporting data directly to the Home Owners' Loan Corporation, Criminal Section, Legal Department, Washington, D. C."

The plaintiff's suit as originally filed in July, 1938, was against the Home Owners' Loan Corporation and certain individuals said to be officers of the Corporation. They have since been dismissed from the case. In the petition, as amended, it was alleged that the Corporation maliciously and without probable cause procured the plaintiff to be indicted by the federal grand jury in the Central Division of the Southern District of California and the indictment was set out in the pleading. It accused the plaintiff in three counts of conspiring to commit and committing crimes denounced by the Home Owners' Loan Act, Sec. 8(a), 12 U. S.C.A. § 1467(a), in procuring, preparing and causing to be filed false "Affidavits of Eligibility" in support of loans applied for and authorized by the Act to be made by the Home Owners' Loan Corporation. Plaintiff alleged that the accusations in the indictment were false and that the defendant maliciously caused the indictment to be found upon fraudulent evidence and upon false testimony of witnesses, the defendant well knowing the testimony to be false and without probable cause to believe the plaintiff guilty of any of the said crimes. It was further alleged that defendant had procured the plaintiff to be brought to trial upon the indictment and that the trial had resulted in acquittal.

The Home Owners' Loan Corporation demurred to the amended petition on three grounds, each of which were sustained by the trial court. In view of our conclusions on the appeal, we need to discuss only the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant Home Owners' Loan Corporation.

The plaintiff's petition did not detail any of the steps taken by the defendant Corporation which constituted the alleged procurement of the indictment and instigation of the malicious prosecution for which recovery was sought. A fair inference from the allegations of the petition is that officers of the Corporation, in connection with their work for the Corporation but acting maliciously and without probable cause, forwarded information against the plaintiff to the "Criminal Section (of the Home Owners' Loan Corporation), Legal Department, Washington, D. C." as contemplated in the Regulation of the Board above set forth, and that the prosecution of plaintiff resulted proximately from such action. It was conceded at the bar that the petition might be so construed.

The contention of the Home Owners' Loan Corporation upon the foregoing ground of the demurrer is that the acts of the Corporation and its officers and employees which occasioned the criminal prosecution against the plaintiff were official acts, done in performing governmental functions, and that such official action can not be made the basis of a suit for malicious prosecution. It is pointed out that the Act imposes the duty of its administration upon the defendant Corporation. A strict enforcement of its criminal provisions is necessary to successful administration of the Act and the regulation of the Board requiring information concerning violations affecting defendant Corporation to be sent to the "Home Owners' Loan Corporation, Criminal Section, Legal Department, Washington, D. C." is a proper regulation adapted to carry out the Act. The public interest will necessarily suffer unless all the employees of the defendant Corporation who have to do with loaning out the government money are vigilant and zealous to prevent and inform against frauds upon the Corporation brought to their notice in the course of their service. The gist of an action for malicious prosecution is the animus and motive—the malice of the accuser. Where, however, the accusation is made by public officers in the course of their official duties, as when an information is filed by a district attorney, or an indictment by the foreman of a grand jury or a bind-over order by a committing magistrate, it is against public policy to allow an action for malicious prosecution to be maintained on account of such official acts. The policy doubtless results from the inherent public necessity of having justice administered through the process of accusation and trial which justifies immunity to those who are required by the laws to perform the indispensable official acts to that end.

It is contended that the same principle of public policy is applicable to the present suit and justifies the dismissal entered by the trial court. We are of opinion that the contention is sound and that the principles defined in Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780; Phelps v. Dawson, 8 Cir., 97 F.2d 339, 116 A.L.R. 1343, and Cooper v. O'Connor, 69 App.D.C. 100, 99 F.2d 135, 118 A.L.R. 1440, are controlling in this case and require affirmance of the judgment. Whether or not the officers and employees of the Home Owners' Loan Corporation entertained malice towards the plaintiff, or whether they acted in bad faith and without probable cause in forwarding information against him, the fact remains that the Corporation is an agency of the government charged by the Act and the Regulation made pursuant to the Act with an official duty to forward information concerning violations of law affecting the Corporation. Its motives in so doing can not be made the basis of an action against it by an individual in a malicious prosecution suit.

Cases are cited to the point that the Home Owners' Loan Corporation may be subjected to suit for damages arising in tort as well as upon contract. Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784; Sloan Shipyard Corporation v. U. S. S. B. Emergency Fleet Corporation, 258 U. S. 549, 42 S.Ct. 386, 66 L.Ed. 762; Pennell v. Home Owners' Loan Corporation, 21 F. Supp. 497; Panama R. Co. v. Curran, 5 Cir., 256 F. 768; United States v. Strang, 254 U.S. 491, 41 S.Ct. 165, 65 L.Ed. 368; Central Markets, Inc. v. King, 132 Neb. 380, 272 N.W. 244. They have been considered but are not found controlling here, nor do we deem it necessary to discuss other questions ably argued in the briefs.

Affirmed.