Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/23/2022 01:04 AM CST

- 45 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

132 Ventures, LLC, a Nebraska limited liability
company, appellee and cross-appellant, v. Active Spine
Physical Therapy, LLC, a Nebraska limited liability
company, et al., appellants and cross-appellees.

___ N.W.2d ___

Filed December 16, 2022.    No. S-22-047.

1. **Judgments: Appeal and Error.** In a bench trial of a law action, a trial
   court's factual findings have the effect of a jury verdict and will not be
   set aside on appeal unless clearly wrong.
2. **Statutes: Appeal and Error.** Statutory interpretation presents a question
   of law which an appellate court resolves independently of the lower court.
3. **Constitutional Law: Appeal and Error.** The review of constitutional
   standards is a question of law and is reviewed independently of the trial
   court's determination.
4. **Jury Trials: Waiver.** A party must be entitled to a jury trial before the
   party can validly waive that right.
5. **Forcible Entry and Detainer: Property: Words and Phrases.** The
   forcible entry and detainer proceeding is a special statutory proceeding
   designed to provide a speedy and summary method by which the owner
   of real estate might regain possession of it from one who had unlaw-
   fully and forcibly entered into and detained possession thereof, or one
   who, having lawfully entered, then unlawfully and forcibly detained
   possession.
6. **Forcible Entry and Detainer: Legislature.** Because of its summary
   nature, the Legislature has narrowed the issues that can be tried in a
   forcible entry and detainer action to the right of possession and statu-
   torily designated incidents thereto.
7. **Forcible Entry and Detainer: Title.** A forcible entry and detainer
   action does not try the question of title, but only the immediate right
   of possession.
8. **Constitutional Law: Jury Trials.** Nebraska's Constitution preserves the
   right to a jury trial as it existed at common law.
9. **Forcible Entry and Detainer: Damages.** Neb. Rev. Stat. § 25-21,223
   (Reissue 2016), a provision of Nebraska's forcible entry and detainer
   statutes, contemplates bifurcated proceedings wherever damages are

- 46 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

warranted, distinguishing between the "trial of the action for possession" and "other causes of action."

10. **Statutes: Legislature: Intent.** In construing a statute, the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part considered separately.

11. **Jury Trials: Equity.** At common law, legal claims were tried by a jury and equitable claims were tried by a court.

12. **Claims: Jury Trials: Equity.** In Nebraska, it is well established that litigants are typically entitled to a jury trial on legal claims, but not equitable claims.

13. **Actions: Pleadings: Equity.** The essential character of a cause of action and the remedy or relief it seeks as shown by the allegations of the petition determine whether a particular action is one at law to be tried to a jury or in equity to be tried to a court.

14. **Actions: Breach of Contract: Damages.** A suit for damages arising from breach of a contract presents an action at law.

Appeal from the District Court for Douglas County: TIMOTHY P. BURNS, Judge. Affirmed in part, and in part reversed and remanded for a new trial.

Frederick D. Stehlik and Zachary W. Lutz-Priefert, of Gross, Welch, Marks & Clare, P.C., L.L.O., for appellants.

Rubina S. Khaleel and Ashley Fischer-Foxall, of Hennessy & Roach, P.C., and Aimee Cizek, of McGill, Gotsdiner, Workman & Lepp, P.C., L.L.O., for appellee.

HEAVICAN, C.J., CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ., and POST, District Judge.

FUNKE, J.

## INTRODUCTION

This appeal arises from a dispute concerning the possession and use of a commercial property in Omaha, Nebraska. A complaint was filed by 132 Ventures, LLC, managed by Dale Scott, against Active Spine Physical Therapy, LLC (Active Spine), Sara Muchowicz, and Nicholas Muchowicz for (1) forcible entry and detainer, (2) breach of contract, (3) breach of guaranty, and (4) unjust enrichment. The district court granted

- 47 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

relief on 132 Ventures' forcible entry and detainer cause of action, ordering restitution of the premises. The district court proceeded to hear the remaining causes of action at a bench trial and subsequently awarded damages to 132 Ventures in the amount of $158,368.73 under the parties' amended lease agreement. Active Spine and the Muchowiczes appeal, assigning error to the district court's denial of their request for a jury trial and its calculation of damages, and 132 Ventures cross-appeals, assigning multiple errors related to the district court's calculation of damages.

BACKGROUND

Active Spine is a physical therapy business owned by the Muchowiczes. In 2017, with the assistance of Scott, a real estate broker, the Muchowiczes began looking for a new building to purchase for Active Spine. The Muchowiczes decided to purchase a commercial property in Omaha. Before buying the property, the Muchowiczes formed DEMU Properties, LLC (DEMU), to hold title to it. Scott became a member of DEMU along with the Muchowiczes. DEMU then purchased the property, with its members intending to execute a lease with Active Spine for a portion of the property.

On December 29, 2017, Scott on behalf of DEMU and Nicholas on behalf of Active Spine executed a written lease agreement (December 29 lease) for the purchased property. The December 29 lease provided that Active Spine would occupy 9,544 rentable square feet of the property at a base rent of $12.50 per rentable square foot for the first year of the lease. Additionally, the lease provided that the base rent would increase to $13 per rentable square foot for the second lease year. The term of the lease was 20 years, with an option to renew for two additional 5-year periods. As part of the lease agreement, Nicholas and Sara executed a "Personal Guarantee" unconditionally guaranteeing payment of all rent and other charges due under the lease. On February 20, 2020, Nicholas, as DEMU's manager, purportedly executed an amendment

- 48 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

of the December 29 lease (amended lease) on behalf of both DEMU and Active Spine. The amended lease differs from the December 29 lease in multiple respects, but not in its calculation of monthly rent payments.

In June 2020, the property was purchased by 132 Ventures at a foreclosure sale. A third-party management company for 132 Ventures began invoicing Active Spine for rent. Active Spine did not pay rent to 132 Ventures in June or July, resulting in 132 Ventures serving Active Spine with a "Three-Day Notice to Quit" pursuant to Neb. Rev. Stat. § 25-21,221 (Reissue 2016). On July 23, 132 Ventures filed its complaint against Active Spine and the Muchowiczes. On its cause of action for forcible entry and detainer, 132 Ventures sought immediate possession of the property pending proceedings on its other causes of action. Active Spine filed a counterclaim and third-party complaint against 132 Ventures and Scott, alleging fraud, promissory estoppel, and intentional interference with a business expectation against both parties.

In August 2020, the matter came on for hearing on 132 Ventures' cause of action for forcible entry and detainer. Although evidence was heard, the district court made no ruling on the issue of possession. Instead, the court consolidated the case with another related matter and reassigned the case to another judge. Active Spine subsequently moved for a temporary injunction to prevent eviction. In October, a separate hearing was held on the forcible entry and detainer action, as well as the motion for a temporary injunction. On January 4, 2021, the district court ordered restitution of the property to 132 Ventures, explaining that "[t]he evidence is clear that Defendants have paid no rent to Plaintiff" and that Active Spine had failed to demonstrate entitlement to equitable relief. Active Spine was ordered removed from the premises.

Following the district court's restitution order, 132 Ventures sought damages on its causes of action for breach of contract, breach of guaranty, and unjust enrichment. On July 20, 2021,

- 49 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

the district court set the matter for a bench trial in November. The order setting the bench trial stated that "upon agreement of the parties . . . the case should be tried to the Court without a jury."

On August 10, 2021, Active Spine moved to reset the trial and requested a jury trial. The Muchowiczes also objected to trial without a jury. Thereafter, 132 Ventures filed a motion resisting the request to set the matter for a jury trial, and in its motion, 132 Ventures indicated that all parties were present at the hearing in which the matter was set for a bench trial. Although Active Spine and the Muchowiczes do not contest they were present at a hearing to set the matter for trial, both parties suggest that the hearing was not on the record. Further, the appellate record merely indicates that a hearing to set a trial was to be held on July 20, but there is no record from that hearing.

On October 20, 2021, the district court overruled the objections to a bench trial, explaining:

> On July 20, 2021, the Court set this matter for a 2 and ½ day bench trial for November 8 to 10, 2021. No party objected to the Court setting the matter for a bench trial. In fact, the Court order . . . stated that "upon agreement of the parties . . . the case should be tried to the Court without a jury."

Active Spine subsequently dismissed its counterclaim and third-party complaint. The district court proceeded to trial as scheduled. At trial, Active Spine and the Muchowiczes cross-examined 132 Ventures' witnesses, but opted not to present their own case in chief or move for a directed verdict, instead continuing their objection to the trial going forward without a jury.

The evidence offered at trial focused on the issue of damages. According to 132 Ventures, the December 29 lease was the relevant lease and the amended lease executed by Nicholas was void. To support its contention, 132 Ventures argued that because DEMU's operating agreement provides that "the

- 50 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

affirmative vote of all Members shall be necessary to effect . . . [a]ny contracts between the Company and any entity or individual affiliated with the Manager," it would be improper to consider the amended lease executed by Nicholas when calculating damages. Active Spine and the Muchowiczes contended that the amended lease was the relevant agreement to be considered. The district court agreed with Active Spine and the Muchowiczes and concluded that because 132 Ventures was not a party to the amended lease, it could not assert that the lease was void. The court then proceeded to award damages to 132 Ventures based upon the amended lease. This appeal followed. Before the Court of Appeals addressed the appeal, we moved the matter to our docket.[1]

## ASSIGNMENTS OF ERROR

Active Spine and the Muchowiczes assign that the district court erred in denying their request for a jury trial and in its calculation of damages. On cross-appeal, 132 Ventures assigns that the district court erred when it determined the amended lease applied for the purpose of calculating damages and in its calculation of damages.

## STANDARD OF REVIEW

[1-3] In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong.[2] By contrast, statutory interpretation presents a question of law which an appellate court reviews independently of the lower court.[3] Similarly, the review of constitutional standards is a question of law and is reviewed independently of the trial court's determination.[4]

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2020).

[2] *McGill Restoration v. Lion Place Condo. Assn.*, 309 Neb. 202, 959 N.W.2d 251 (2021).

[3] *Williams v. Williams*, 311 Neb. 772, 975 N.W.2d 523 (2022).

[4] *Schmid v. Simmons*, 311 Neb. 48, 970 N.W.2d 735 (2022).

- 51 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

## ANALYSIS

Active Spine and the Muchowiczes argue on appeal that they were entitled to a jury trial on 132 Ventures' breach of contract, breach of guaranty, and unjust enrichment causes of action following the resolution of the forcible entry and detainer cause of action. Further, they argue that they never waived their right to a jury trial and, in fact, objected at all relevant points to trial occurring without a jury. In countering, 132 Ventures argues that Active Spine and the Muchowiczes were not entitled to a jury trial or, in the alternative, that they waived that right.

[4] A party must be entitled to a jury trial before the party can validly waive that right.[5] Accordingly, we must determine as a preliminary matter whether Active Spine and the Muchowiczes were entitled to a jury trial on the causes of action joined with the action for forcible entry and detainer.

### Right to Civil Jury Trial

[5-7] The forcible entry and detainer proceeding is a special statutory proceeding designed to provide a speedy and summary method by which the owner of real estate might regain possession of it from one who had unlawfully and forcibly entered into and detained possession thereof, or one who, having lawfully entered, then unlawfully and forcibly detained possession.[6] Because of its summary nature, the Legislature has narrowed the issues that can be tried in a forcible entry and detainer action to the right of possession and statutorily designated incidents thereto.[7] In particular, Neb. Rev. Stat. § 25-21,219 (Reissue 2016) provides that in addition to determining the parties' rights to immediate possession, in forcible entry and detainer actions:

---

[5] *Id.*

[6] *Cummins Mgmt. v. Gilroy*, 266 Neb. 635, 667 N.W.2d 538 (2003).

[7] *Federal Nat. Mortgage Assn. v. Marcuzzo*, 289 Neb. 301, 854 N.W.2d 774 (2014).

- 52 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

> The court or the jury, as the situation warrants, shall inquire into the matters between the two litigants such as the amount of rent owing the plaintiff and the amount of damage caused by the defendant to the premises while they were occupied by him or her and render a judgment or verdict accordingly.

A forcible entry and detainer action does not try the question of title, but only the immediate right of possession.[8]

Citing *State v. Moores*,[9] 132 Ventures emphasizes that, at common law, there was generally no right to a jury trial in statutorily created summary proceedings. It is true that forcible entry and detainer actions are creatures of the Legislature.[10] Historically, only county courts, municipal courts, and justices of the peace had original jurisdiction over forcible entry and detainer actions.[11] In 1984, the Legislature extended original jurisdiction over forcible entry and detainer actions to district courts, but the scope of the actions remained limited.[12] We have previously held that when a district court hears a forcible entry and detainer action, it sits as a special statutory tribunal to summarily decide the issues authorized by the statute, and not as a court of general jurisdiction with the power to hear and determine other issues.[13] Forcible entry and detainer actions involve accelerated trial procedures; trial of the action for possession is to be held no more than 14 days after the date of

---

[8] *Id.*

[9] *State v. Moores*, 56 Neb. 1, 9, 76 N.W. 530, 532 (1898) ("[s]o far as we can now trace the right of trial by jury, at common law, it did not extend to equitable actions, admiralty, or summary proceedings . . . ."), *dismissed on rehearing* 58 Neb. 285, 78 N.W. 529 (1899).

[10] See *Cummins Mgmt., supra* note 6.

[11] *Id.*

[12] See *id.*

[13] *Id.*

- 53 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

issuance of the summons, and, generally, no continuance shall be granted in excess of 7 days. [14]

Although it may appear at odds with the procedure's expeditious design, Nebraska's forcible entry and detainer statutes specifically authorize a trial by jury if either party demands one. [15] Here, however, the parties agree that Active Spine and the Muchowiczes did not demand a jury trial prior to adjudication of the first cause of action, namely 132 Ventures' cause of action against Active Spine for forcible entry and detainer. Instead, Active Spine and the Muchowiczes objected to the subsequent, separate bench trial on damages (i.e., 132 Ventures' causes of action for breach of contract, breach of guaranty, and unjust enrichment).

[8] We have previously held that Nebraska's Constitution preserves the right to a jury trial as it existed at common law. [16] Article I, § 6, of the Nebraska Constitution provides:

> The right of trial by jury shall remain inviolate, but the Legislature may authorize trial by a jury of a less number than twelve in courts inferior to the District Court, and may by general law authorize a verdict in civil cases in any court by not less than five-sixths of the jury.

The argument of 132 Ventures is that the language of Neb. Rev. Stat. § 25-21,226 (Reissue 2016) mandates a bench trial for an entire forcible entry and detainer case if the parties wait to object until after the proceedings on the immediate right to possession have already occurred. Section 25-21,226 provides in full:

---

[14] See Neb. Rev. Stat. §§ 25-21,223 and 25-21,225 (Reissue 2016).

[15] See Neb. Rev. Stat. § 25-21,227 (Reissue 2016). Cf., *Christiansen v. Moore*, 184 Neb. 818, 172 N.W.2d 620 (1969) (discussing right to trial by jury in garnishment); *Central Market v. King*, 132 Neb. 380, 272 N.W. 244 (1937) (law of garnishment is purely statutory); *Clark v. Foxworthy*, 14 Neb. 241, 15 N.W. 342 (1883) (discussing right to trial by jury in garnishment).

[16] See *Schmid, supra* note 4.

- 54 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

If the suit is not continued or the place of trial changed, or if neither party demands a jury, the court shall try the cause. If, after hearing the evidence, the court shall conclude that the complaint is not true, the court shall enter judgment against the plaintiff for costs. If the court shall find that the complaint is true, judgment shall be entered against the defendant and in favor of the plaintiff for restitution of the premises and costs of suit. If the court shall find that the complaint is true in part, judgment shall be entered for the restitution of such part only, and the costs shall be taxed as the court shall deem just and equitable.

According to 132 Ventures, "The plain language of [§ 25-21,226] is clear: unless the case is continued, the location of the trial is changed, or if one of the parties demands a jury trial, a forcible entry and detainer case must be tried to the bench."[17]

[9] Active Spine and the Muchowiczes argue, in turn, that 132 Ventures' position "completely ignores Nebraska's statutory scheme as it applies to forcible entry and detainer actions."[18] Active Spine and the Muchowiczes emphasize that § 25-21,223, another provision of Nebraska's forcible entry and detainer statutes, contemplates bifurcated proceedings wherever damages are warranted, distinguishing between the "trial of the action for possession" and "other causes of action."

[10] We have previously said, in construing a statute, that the legislative intention is to be determined from a general consideration of the whole act with reference to the subject matter to which it applies and the particular topic under which the language in question is found, and the intent as deduced from the whole will prevail over that of a particular part

---

[17] Brief for appellee at 9.

[18] Reply brief for appellant at 6.

- 55 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

considered separately.[19] Nebraska's forcible entry and detainer statutes are decidedly intended to avoid much of the expense and delay incident to the more cumbersome action of ejectment formerly employed at common law.[20] Thus, the intent of § 25-21,223, as deduced from the whole, is to facilitate a speedy determination of the immediate right to possession by allowing for bifurcated proceedings that prioritize the cause of action for forcible entry and detainer.

Accordingly, we conclude that § 25-21,226 discusses what § 25-21,223 refers to as the "trial of the action for possession" (i.e., a cause of action for forcible entry and detainer). Unlike § 25-21,223, § 25-21,226 concerns itself only with the remedy of restitution. Section 25-21,226 does not inhibit any right to trial by jury that would otherwise arise incident to what § 25-21,223 refers to as "other causes of action" and what here manifested as a subsequent, separate trial regarding damages owed under contract. Nor did § 25-21,226 operate here to create an implicit waiver of Active Spine's and the Muchowiczes' right to a jury trial on damages.

Active Spine and the Muchowiczes maintain that they were entitled to a jury trial on damages because 132 Ventures' complaint against them was predominantly focused on contractual remedies. They argue that 132 Ventures' unjust enrichment claim was the only cause of action out of four that did not depend on a contractual right and emphasize that the only cause of action brought against the Muchowiczes individually was for breach of guaranty. Ultimately, Active Spine and the Muchowiczes argue that we cannot read into the forcible entry and detainer statutes that parties waive their right to a jury trial on other causes of action traditionally arising at law by failing to demand a jury trial for the previously and separately tried issue of immediate right to possession. We agree.

[19] See *State v. Jedlicka*, 305 Neb. 52, 938 N.W.2d 854 (2020).

[20] See *Federal Nat. Mortgage Assn., supra* note 7.

- 56 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

[11-14] As previously mentioned, Neb. Const. article I, § 6, preserves the right to a jury trial as it existed under the common law. At common law, legal claims were tried by a jury and equitable claims were tried by a court.[21] Accordingly, in Nebraska, it is well established that litigants are typically entitled to a jury trial on legal claims, but not equitable claims.[22] The essential character of a cause of action and the remedy or relief it seeks as shown by the allegations of the petition determine whether a particular action is one at law to be tried to a jury or in equity to be tried to a court.[23] A suit for damages arising from breach of a contract presents an action at law.[24] Additionally, a claim for unjust enrichment is a quasi-contract claim for restitution.[25]

Statutory law is similar in effect. Under Neb. Rev. Stat. § 25-1104 (Reissue 2016), "Issues of fact arising in actions for the recovery of money or of specific real or personal property, shall be tried by a jury unless a jury trial is waived . . . ." In its order following the bench trial on damages, the district court made findings of fact. There can, therefore, be no doubt that factual issues were presented in the matter. Per the district court's bench trial on damages, 132 Ventures sought the recovery of money. The bench trial was focused on the amount of money to which 132 Ventures was entitled. Thus, 132 Ventures' causes of action for breach of contract, breach of guaranty, and unjust enrichment were legal in nature, and the issues of fact that arose thereunder entitled Active Spine and the Muchowiczes to a jury trial unless waived.

---

[21] *Schmid, supra* note 4.

[22] *Id.*

[23] *Id.*

[24] *Dick v. Koski Prof. Group*, 307 Neb. 599, 950 N.W.2d 321 (2020), *modified on denial of rehearing* 308 Neb. 257, 953 N.W.2d 257 (2021).

[25] *Zook v. Zook*, 312 Neb. 128, 978 N.W.2d 156 (2022).

- 57 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

### Waiver of Right to Jury Trial

Finding that Active Spine and the Muchowiczes were entitled to a jury trial on damages, we must determine whether they effectively waived that right. Although a jury trial demand is required in county court, it is not required in district court.[26] The waiver of a party's right to a jury trial in district court is statutorily governed by Neb. Rev. Stat. § 25-1126 (Cum. Supp. 2020), because it sets reasonable limits on a constitutional right.[27] Section 25-1126 provides:

> The trial by jury may be waived by the parties in actions arising on contract and with assent of the court in other actions (1) by the consent of the party appearing, when the other party fails to appear at the trial by himself or herself or by attorney, (2) by written consent, in person or by attorney, filed with the clerk, and (3) by oral consent in open court entered upon the record.

In *Jacobson v. Shestra*,[28] we held that we will not find a waiver of a jury trial in district court unless a party's conduct falls into one of the three categories enumerated in § 25-1126. Additionally, we explained in *Jacobson* that cases in which the parties tried issues of fact to the court without objection or asked for a directed verdict should be construed as falling into the third, "oral consent," category of waivers.[29] This rule applies individually to bifurcated trials.[30]

There is no evidence in the record, and no party argues, that Active Spine or the Muchowiczes waived their right to a jury trial by failing to appear or by written consent. Thus,

---

[26] See *Jacobson v. Shresta*, 288 Neb. 615, 849 N.W.2d 515 (2014).

[27] *Id.*

[28] *Id.*

[29] See *id.*

[30] Cf. *id.* (merely failing to object, before trial, to defendant's request for bench trial on bifurcated affirmative defense cannot be oral consent in open court to waive jury trial).

- 58 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
313 NEBRASKA REPORTS
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

only the "oral consent" category of waivers is at issue. To that effect, 132 Ventures argues that at the July 20, 2021, hearing to set trial, all parties agreed that the issue of damages should be set for a bench trial, and neither Active Spine nor the Muchowiczes objected at the hearing. The district court's order setting the bench trial date stated that "upon agreement of the parties . . . the case should be tried to the Court without a jury." However, all parties agreed at oral argument that the hearing to set trial was not conducted on the record, and as such, no record is available for review on appeal. Further, Active Spine and the Muchowiczes opted not to present their own case in chief or move for a directed verdict at the trial on damages, instead continuing their objection to the trial going forward without a jury. Accordingly, we are unable to find any instance of "oral consent in open court entered upon the record" operating to waive their right to a jury trial under § 25-1126. This result is consistent with the plain language of § 25-1126 and our policy of strictly construing the same to preserve a constitutional right.[31]

## DAMAGES

Lastly, both parties argue that the trial court erred in determining damages. Active Spine and the Muchowiczes contend that 132 Ventures failed in proving damages. We decline to consider these arguments because the amount of damages to be awarded is a determination solely for the fact finder and will necessarily be decided by the jury.[32] Additionally, in its cross-appeal, 132 Ventures challenges the district court's use of the amended lease in calculating damages, which was based on the court's determination that 132 Ventures was not a party to the original lease and therefore could not contest the

---

[31] See *id.* at 623, 849 N.W.2d at 521 ("[u]nder a rule of exclusivity, unless a party's conduct falls into one of § 25-1126's three categories, we will not find a waiver of a constitutional right").

[32] See *McGill Restoration, supra* note 2.

- 59 -

Nebraska Supreme Court Advance Sheets
313 Nebraska Reports
132 VENTURES v. ACTIVE SPINE PHYSICAL THERAPY
Cite as 313 Neb. 45

validity of the amended lease. Again, because the fact finder will determine which lease is operable and ultimately determine if any damages are warranted, we reverse the trial court's determination that 132 Ventures was precluded from contesting the validity of the amended lease and remand the cause for a new trial with a jury.

## CONCLUSION

Under the circumstances, the district court erred in proceeding to trial without a jury on 132 Ventures' causes of action for breach of contract, breach of guaranty, and unjust enrichment. This does not affect the part of the district court's judgment addressing the forcible entry and detainer. Consequently, we affirm that part of the judgment. The portion of the judgment addressing 132 Ventures' other causes of action is accordingly reversed, and the cause is remanded for a new trial to a jury on those causes of action.

Affirmed in part, and in part reversed
and remanded for a new trial.

Miller-Lerman, J., not participating.